## THE STATE, EX REL. MUELLER, *v.* MEYER.

TOWN.—*Town Trustee Eligible to Election as School Trustee.*—*Quo Warranto.*—
*Agreed State of Facts.*—Proceedings in *Quo Warranto*, submitted upon an
agreed state of facts, showing, substantially, that the board of trustees of
an incorporated town, at a certain time, had elected one of their number,
the relator, a member of the board of school trustees of such town, to
succeed the defendant, whose term expired with the election of his suc-
cessor; that thereupon the relator resigned his position as town trustee,
and duly qualified as school trustee; and that the defendant, and the
board of school trustees, refused to recognize him as the successor of
the defendant, who continued to hold.

*Held*, that the question of holding two inconsistent offices was avoided by
such resignation.

*Held*, also, that the relator was not, simply by being a member of the board
electing him, ineligible to the office of school trustee.

*Held*, also, that the questions in such case may properly be presented on an
agreed state of facts.

From the Perry Circuit Court.

*C. H. Mason* and *Lamb, Worrell & Myers*, for appellant.
*C. A. DeBruler, E. R. Hatfield* and *W. Henning*, for ap-
pellee.

BIDDLE, J.—Proceedings in *Quo Warranto*, by the appel-
lant, against the appellee, to enquire by what right he holds
the office of school trustee for the town of Cannelton.

The case was submitted on the following agreed state of
facts:

" That the town of Cannelton is an incorporated town
in said county and State; that the board of trustees of
said town consists of five trustees; that an election of
school trustees for the town of Cannelton was held by
the said board of trustees on the 12th day of June, 1877,
that being the first regular meeting of said board in the
month of June; that said five trustees were all present
at said election, and participated therein; that the relator,
Daniel Mueller, received three votes (being a majority) for
school trustee for the town of Cannelton; that, at the date
of said election, the defendant, Peter Meyer, held the office

of school trustee for the town of Cannelton, by virtue of a former election, but that his term of office would expire upon the election and qualification of his successor at said election; that said Daniel Mueller was voted for as the successor of the said defendant, Peter Meyer; that said relator, Daniel Mueller, resigned the office of town trustee the day succeeding his election as school trustee; that the relator took the usual oath of office, as school trustee for the town of Cannelton, on the 15th day of June, 1877, being within five days after said election; that the board of school trustees for the town of Cannelton refused to recognize the said relator, Daniel Mueller, as the successor of the said defendant, Peter Meyer, in the office of school trustee, but claimed that his election was void, and, there being no election, therefore the said Peter Meyer held over; that the said defendant, Peter Meyer, as successor to himself, took and held, and still holds, the office of school trustee for the town of Cannelton."

Upon these facts the court found for the defendant below, and rendered judgment accordingly.

It may be noticed, for the purpose of presenting the point in controversy more clearly, that we are not embarrassed with the question of holding two inconsistent offices by the same party, at the same time. The simple question for our consideration is, was Daniel Mueller, while he was a member of the board of trustees of the town of Cannelton, and for that reason, ineligible to the election of the office of school trustee for the town of Cannelton?

The appellant, at the time of the election being one of the trustees of the town of Cannelton, must be presumed to be eligible to the office of school trustee for the town of Cannelton; and we know of no constitutional provision or statute, or common-law principle, which would prevent the election, by the trustees of the town of Cannelton, of

one of their number to the office of school trustee for the town of Cannelton. Indeed, in some cases, municipal corporations, the common council, or the board of trustees and the school trustees, by the act under which this election took place, are required to elect one of their own body to certain offices. It is very clear, that Daniel Mueller, after the resignation of his office as one of the board of trustees of the town of Cannelton, was no longer, on account of having held such office, ineligible to the office of school trustee for the town of Cannelton. The cases of *The Commonwealth* v. *Douglass,* 1 Binney, 77, and *The State* v. *Taylor,* 12 Ohio State, 130, have been brought to our notice, as holding views opposite to those above expressed, but, upon a careful examination of those cases, it will be found that they mainly turned upon the question of holding two inconsistent offices by the same person at the same time, and not upon the ineligibility to the second office after the resignation of the first.

In Bouvier's Dictionary, under the head of " Election," we find the following remarks:

" Etymologically, election denotes choice, selection out of the number of those choosing. Thus, the election of a governor would be the choice of some individual from the body of the electors to perform the duties of governor. In common use, however, it has come to denote such a selection made by a distinctly defined body—as a board of aldermen, a corporation, or State—conducted in such a manner that each individual of the body choosing shall have an equal voice in the choice, but without regard to the question whether the person to be chosen is a member of the body or not. The word occurs in law frequently in such a sense, especially in governmental law and the law of corporations."

We think the court below erred in its decision.

The record is not full, but both parties desire an opinion on the case as presented; and we think it is sufficient, to present the question on an agreed state of facts.

The judgment is reversed, at the costs of the appellee, and the cause remanded for proceedings as indicated in this opinion.